UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN ECONOMY INSURANCE
COMPANY,

      Plaintiff,

vs.          Case No. 3:13-cv-1409-99MMH-JRK

PERFECT TIME, INC., MARK HEBERT,
and DESIREE KESSINGER,

      Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

On November 14, 2013, Plaintiff filed its Complaint for Declaratory Relief (Doc. 1; Complaint), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[1] See Complaint ¶ 2. Plaintiff asserts that diversity jurisdiction is proper

---

[1] To the extent Plaintiff alleges that the Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, see Complaint ¶ 1, the Court notes that "it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal
(continued...)

because this is an action between citizens of different states, and the matter in controversy exceeds $75,000. Id. ¶¶ 2, 4-7. In the Complaint, Plaintiff asserts that it "is an Indiana corporation with its principal place of business in Boston Massachusetts [sic]." Id. ¶ 4. Plaintiff also alleges that "Defendant Perfect-Time, Inc. is a Florida corporation with its principal place of business in Jacksonville, Florida[,]" and that Defendants Mark Hebert and Desiree Kessinger ("individual Defendants") are "resident[s] of the State of Florida." Id. ¶¶ 5-7. However, Plaintiff fails to identify the individual Defendants' citizenship. See generally id. 6-7.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiff's allegations. As the Complaint discloses only the individual Defendants' residences, rather than their state of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case. See

---

[1](...continued)
courts." Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861-62 (11th Cir. 2008). As such, "a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989).

Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[2] Accordingly, it is

**ORDERED**:

Plaintiff shall have until **December 18, 2013**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida, on this 20th day of November, 2013.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").